IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:     In Proceedings
    Under Chapter 13

DOUGLAS TRUPP

    Case No. 09-60555

Debtor(s).

OPINION

The issue before the Court in this case is whether the debtor's Chapter 13 plan, which does not provide for full payment of pre-petition child support arrearages owed to both the debtor's former spouse and to a governmental entity, may be confirmed.

The debtor, Douglas Trupp, filed a petition under Chapter 13 of the Bankruptcy Code on August 11, 2009. On September 28, 2009, the Arizona Department of Economic Security (hereinafter "State") filed a priority claim in the amount of $106,607.70 for a pre-petition child support arrearage. The claim lists the name of the creditor as "State of Arizona ex rel. The Department of Economic Security (Sheila Jensen)." Attachments to the State's proof of claim indicate that of the total amount claimed, $101,400.77 is owed to Sheila Jensen, who is the debtor's former wife and the custodial parent of the debtor's children. The remaining $5,206.93 is owed to the State of Arizona and represents an assignment of child support for cash assistance that Ms. Jensen received from the State. (*See* Proof of Claim #4, p. 2). The debtor's Chapter 13 plan proposes to pay the State a total of $3,600.00 on its assigned claim. However, the plan does not provide for any payment on the portion of the claim that is owed to Ms. Jensen. The State objects to confirmation of the debtor's plan, arguing that 11 U.S.C. § 1322(a)(2) requires the debtor to pay both the obligation owed to the State and the obligation to owed to Ms Jensen in full.

DISCUSSION

-1-

As a general rule, child support is a priority obligation which, subject to two exceptions, must be paid in full through a debtor's Chapter 13 plan. Pursuant to 11 U.S.C. § 1322(a)(2), a Chapter 13 plan must "provide for the full payment, in deferred cash payments, of all payments entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Section 507(a)(1)(A) of the Bankruptcy Code confers priority status on domestic support obligations owed to a spouse, former spouse or child of the debtor, or to such child's parent, legal guardian, or responsible relative.[1] Claims for such support may be filed either by the individual to whom the obligation is owed or by a governmental entity on their behalf. *Id. See also In re Williams,* 387 B.R. 211 (Bankr.N.D. Ill. 2008). Similarly, priority is also given to domestic support obligations that have either been assigned or which are owed directly to a governmental unit.[2] 11 U.S.C. § 507(a)(1)(B).

A debtor can only avoid full payment of a domestic support obligation if one of two exceptions applies. The first exception is found in § 1322(a)(2) and provides that a claim, which would otherwise be entitled to full payment as a priority under § 507, may be paid a lesser amount if the claimant agrees to a different treatment of their claim. 11 U.S.C. § 1322(a)(2). The second exception, which applies only to claims assigned to governmental units, is set forth in 11 U.S.C. § 1322(a)(4). That section states:

---

[1] Section 507(a)(1)(A) provides priority status for "allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition . . . are owed to or recoverable by a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian or responsible relative, without regard to whether the claim is filed by such person, or is filed by a governmental unit on behalf of such person . . . ."

[2] Section 507(a)(1)(B) provides, in pertinent part, that "allowed unsecured claims for domestic support obligations that . . are assigned by a spouse, former spouse, or child of the debtor . . . or are owed directly to or recoverable by a governmental unit under applicable nonbankruptcy law. . ." are priority claims. 11 U.S.C. § 507(a)(1)(B).

> (4)  notwithstanding any other provision of this section, a plan may provide for less than full payment of all amounts owed for a claim entitled to priority under section 507(a)(1)(B) only if the plan provides that all of the debtor's projected disposable income for a 5-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1322(a)(4).

In the instant case, neither the State nor Ms. Jensen has expressly agreed to accept less than full payment of their priority claims. At the hearing on this matter, the debtor argued that Ms. Jensen should be deemed to have "agreed" to the treatment of her claim because she did not file an objection to the plan. The Court, however, rejects this argument. While Ms. Jensen did not personally file an objection, it is clear that the State is objecting to the plan on her behalf. As indicated above,

§ 507(a)(1)(A) expressly permits a governmental entity to file a proof of claim on behalf of a domestic support claimant. Here, the claim in question was filed on behalf of both the State *and* Sheila Jensen.[3] The debtor has cited no authority which prohibits a governmental filer in these circumstances from also objecting to the plan's treatment of that claim, nor has he objected to the State's standing to bring this objection on Ms. Jensen's behalf. Accordingly, the Court finds that the Ms. Jensen has objected to the plan through the State of Arizona.

In addition, it is well established that the provisions of § 1332(a)(2) are mandatory and any plan that fails to provide for full payment of priority claims "cannot be confirmed without the claim holder's consent." *See also Matter of Escabedo*, 28 F.3d 34, 35 (7th Cir. 1994). A domestic support creditor's failure to object to the plan does not constitute "consent" for purposes of § 1322(a)(2). As

---

[3]The proof of claim lists both the State of Arizona Department of Economic Security as and Sheila Jensen as creditors. In addition, the State has included supporting documentation which clearly states that $101,400.77 of the claim is owed pursuant to 11 U.S.C. § 507(a)(1)(A), which is the section that applies to support obligations owed to a debtor's spouse, former spouse or child. *See* Arrears Calculation Report, Claim #4-1, p. 2.

-3-

the Court explained in *In re Fort,* 412 B.R. 840 (Bankr. W.D. Va. 2008),

> while a debtor and his or her domestic obligation creditor may agree on something other than what the law otherwise provides, upon their failure to reach any such agreement the claimant must be paid in full. To "agree" means just that, an actual meeting of the minds; it is not equivalent to a failure to make an objection to some proposed treatment.

*Id*. at 859. *See also In re Smith*, 202 B.R. 830, 831 (Bankr. E.D. Va. 1997) ("a failure to object to confirmation does not satisfy the consent requirement"); *In re Northrup*, 141 B.R. 171, 173 (N.D. Iowa 1991) ("an express affirmation of consent is required to meet the requirements of 11 U.S.C. § 1322(a)(2)."). In the instant case, there is no evidence that Ms. Jensen has consented to the treatment of her claim, and, accordingly, under the Code, her priority claim must be paid in full. As the debtor's plan provides for no payment toward this claim, the Court finds that it is not confirmable as a matter of law.[4]

With regard to the state-assigned portion of the child support claim, the State acknowledges that its claim would be subject to modification if the plan provides for payment of all of the debtor's projected disposable income for a period of five-years. The debtor is proposing to pay $270.00 per month into the plan for a period of 5 years. In paragraph 1 of the Chapter 13 Plan the debtor represents that he is submitting to the Trustee, "all projected disposable income to be received within the applicable commitment period of the plan."[5] In addition, the Trustee has recommended confirmation of the plan as proposed. The Court finds that the debtor is paying all of his projected

---

[4] It should be noted that the Chapter 13 Trustee did not object to the debtor's plan, and, in fact, recommended that the plan be confirmed on September 24, 2009. The Court assumes that the Trustee believed, based on how the debt was characterized in the debtor's schedules and the way that the State listed the claimants on its proof of claim, that the entire obligation was assigned support under 11 U.S.C. § 507(a)(1)(B).

[5] Based on the debtor's Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form B22C), the applicable commitment period in this case is actually only three years. The debtor has extended the plan duration in this case to 60 months, presumably, in part, because of the requirements of 11 U.S.C. § 1322(a)(4).

-4-

disposable income into the plan for a five year period, and, therefore may reduce the state-assigned portion of the support claim pursuant to 11 U.S.C. § 1322(a)(4).

Based on the foregoing, the State's Objection to Confirmation is sustained in part and overruled in part. The objection as to the claim of Sheila Jensen is sustained and the debtor must file an amended plan to provide for payment of her domestic support claim in full. The objection regarding the plan's treatment of the state-assigned portion of the State's claim is overruled.


ENTERED: December 8, 2009

                                              /s/ William V. Altenberger
                                      UNITED STATES BANKRUPTCY JUDGE